IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL TOTH and GLENDA TOTH,

    Plaintiffs,

vs.

ASPEN WASTE SYSTEMS OF MISSOURI, INC.,

    Defendant.

Case No. 14-cv-713-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Aspen Waste Systems of Missouri, Inc.'s ("Aspen") motion to withdraw notice of removal (Doc. 6). For the following reasons, the Court grants the motion and remands this case to state court.

1. Background

On June 20, 2014, Aspen removed this case from the St. Clair County Circuit Court, Case Number 14-L-280 (*See* Doc. 2). In its notice of removal, Aspen alleged plaintiffs Michael Toth and Glenda Toth's (collectively "Plaintiffs") claims exceeded $75,000. In support of this assertion, Aspen alleged that

> (c) Plaintiffs seek damages for personal injury, in excess of $75,000.00, as Plaintiff's medical specials to date total in excess of $42,000.00; and (d) Plaintiffs have failed to file [a] stipulation or affidavit with their Complaint limiting recovery of $75,000.00 or less.
>
> . . .
>
> 5. Plaintiffs did not stipulate, nor sign an affidavit advising that they are seeking or accepting less than $75,000.00, therefore the inference arises that they value their damages at greater than this amount. *Workman v. UPS*, 234 F.3d 998, 1000 (7th Cir. 2000).

(Doc. 2, p. 2, 3). Subsequent to removal, Aspen belatedly received a copy of an affidavit file-stamped April 11, 2014, limiting damages below the jurisdictional amount.

2. Analysis

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction bears the burden of establishing the existence of the district court's original jurisdiction. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Any uncertainty as to federal jurisdiction must be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Aspen removed the case pursuant to 28 U.S.C. § 1332 whereby district courts have jurisdiction over a civil action exceeding $75,000 and between diverse parties. The parties do not contest diversity, and Aspen properly pleaded diversity in its notice of removal. The amount in controversy, however, is at issue in the instant motion.

The amount in controversy in a case removed from state court is "the amount required to satisfy the plaintiff's demands in full on the day . . . the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)). A plaintiff may prevent removal by stipulating that damages will not exceed $75,000. *Oshana*, 472 F.3d at 511 (citing *BEM I, L.L.C.*, 301 F.3d at 552; *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)).

Here, Plaintiffs properly avoided federal court jurisdiction by filing an affidavit *prior* to removal limiting damages to below $75,000. As such, this Court does not have jurisdiction to hear this claim and must remand the case to state court.

3. Conclusion

Accordingly, the Court **GRANTS** Aspen's motion (Doc. 6) and **REMANDS** this case to the St. Clair County Circuit Court.

**IT IS SO ORDERED.**

**DATED:** September 8, 2014

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
